Wells Fargo Bank, N.A. v Sarkar (2020 NY Slip Op 06578)





Wells Fargo Bank, N.A. v Sarkar


2020 NY Slip Op 06578


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-12618
 (Index No. 23228/09)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Shovan Sarkar, appellant, et al., defendants.


Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant.
Cohn & Roth, LLC, Mineola, NY (Edward C. Klein of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Shovan Sarkar appeals from an amended order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered August 23, 2018. The amended order denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court (Phyllis Orlikoff Flug, J.) entered July 27, 2010, an order of reference of the same court (Phyllis Orlikoff Flug, J.) entered January 29, 2015, and a judgment of foreclosure and sale of the same court (Salvatore J. Modica, J.) entered March 31, 2017, upon his failure to appear or answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the amended order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether the defendant Shovan Sarkar was properly served with process and, thereafter, a new determination of those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate the orders of reference and the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
In August 2009, this action was commenced against, among others, the defendant Shovan Sarkar (hereinafter the defendant). The defendant neither appeared nor answered the complaint. Orders of reference were entered on July 27, 2010, and January 29, 2015. Further, a judgment of foreclosure and sale was entered on March 31, 2017.
In June 2017, the defendant moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the orders of reference and the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The Supreme Court denied those branches of the motion. The defendant appeals.
The defendant established his entitlement to a hearing on the issue of whether he was properly served with process pursuant to CPLR 308(4) (see Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 626). The defendant's submissions rebutted the presumption of proper service created by the process server's affidavit (see Wells Fargo Bank, NA v Tobing, 175 AD3d 745, 748). "[W]hen the requirements for service of process have not been met, it is irrelevant that [*2]defendant may have actually received the documents. Service is only effective . . . when it is made pursuant to the appropriate method authorized by the CPLR" (HSBC Bank USA, N.A. v Assouline, 177 AD3d 603, 605 [citations and internal quotation marks omitted]). Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine whether the defendant was properly served with process and, thereafter, a new determination of those branches of his motion which were pursuant to CPLR 5015(a)(4) to vacate the orders of reference and the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
RIVERA, J.P., CHAMBERS, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court